# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                                Case No. 16-cr-65 (JNE/FLN)
                                                      ORDER

DEUVONTAY SHELBY CHARLES,

      Defendant.

Defendant Deuvontay Charles, proceeding *pro se*, filed four motions on October 31, 2016: Motion to Have a Pre-Trial Interview with Victims and Witnesses [Dkt. No. 67]; Motion for Immediate Production of All Discovery and Jencks Material with Any *Brady* Material to the Defendant [Dkt. No. 68]; Motion to Waive Prosecution's Objections of the Report and Recommendation of the Magistrate Judge [Dkt. No. 69]; and Motion to Dismiss Indictment Due to Speedy Trial Violation and Not to Exclude Time from Continuance Under Speedy Trial Act [Dkt. No. 70].

The Court has carefully considered the submissions. In addition to the reasoning provided below, the Court makes the following findings with regard to Charles's Speedy Trial Act motion, in which he argues that the time limitations imposed by the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, were violated and that the indictment must therefore be dismissed. He concedes that some time was properly excluded in calculating the trial deadline, but challenges the exclusion of time related to the Court's continuance of the trial date at Charles's counsel's request. Charles explains that he opposed counsel's motion for a continuance because he was concerned that several witnesses he wanted to call at trial would not be available at a later trial

date.[1] He asserts that he also expressed at that time a desire to proceed *pro se*. After considering the factors mandated by 18 U.S.C. § 3161(h)(7)(A), the Court granted counsel's request to continue the trial to December to allow counsel adequate time to prepare in light of what counsel deemed to be voluminous discovery and the complexity of the case. *See* Dkt. Nos. 58, 59. Charles's opposition to his counsel's decision to move for the continuance does not prevent the time from being excluded pursuant to § 3161(h). *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012); *see also United States v. Wetsch*, No. 12-cr-45 (SRN/JJG), 2013 WL 1856829, at *9 (D. Minn. May 2, 2013). That Charles later, after the Court conducted an inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975), began to proceed *pro se* does not change this determination. *E.g.*, *Wetsch*, 2013 WL 1856829, at *9. Charles does not identify any other reason to dismiss the indictment for violation of the Speedy Trial Act, and he has the burden of proof. 18 U.S.C. § 3162(a)(2). The Court has nonetheless reviewed its speedy trial calculations and is satisfied that the trial date of December 7, 2016 is timely under the Act.

Based on the files, records, and proceedings in this action, and for the reasons stated herein, IT IS HEREBY ORDERED THAT:

1. The Motion to Have a Pre-Trial Interview with Victims and Witnesses [Dkt. No. 67] is **GRANTED IN PART AND DENIED IN PART**. To the extent that any witnesses are under the exclusive control of the Government, the Government shall make those witnesses available to be interviewed, should they consent to being interviewed, as soon as practicable. *See United States v. Bittner*, 728 F.2d 1038, 1041-42 (8th Cir. 1984);

---

[1] Charles has not identified any particular witnesses and does not state definitively whether or not the unnamed witnesses will be available in December. As stated at the October 3, 2016 status conference, Charles may seek subpoenas to compel the attendance at trial of witnesses.

*United States v. Long*, 449 F.2d 288, 295 (8th Cir. 1971). The Motion is **denied** in all other respects.

2. The Motion for Immediate Production of All Discovery and Jencks Material with Any *Brady* Material to the Defendant [Dkt. No. 68] is **GRANTED IN PART AND DENIED IN PART**. The Government shall produce discovery to Defendant in a redacted form consistent with the terms of the Protective Order in this case. Defendant's request for Jencks Act disclosures is **denied as unripe** for determination. Disclosures pursuant to 18 U.S.C. § 3500 are required only after a witness has testified on direct examination at trial. *E.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). The motion in all other respects is **denied without prejudice**. If Defendant intends to file a discovery motion pursuant to Federal Rule of Criminal Procedure 12, he is required to first confer with the Government and "attempt in good faith to clarify and narrow the issues in dispute." D. Minn. L.R. 12.1(b). Moreover, the deadline for filing a Rule 12 motion was June 3, 2016, and it would be Defendant's burden to show good cause for the Court to consider any untimely motion. Fed. R. Crim. P. 12(c)(3).

3. The Motion to Waive Prosecution's Objections of the Report and Recommendation of the Magistrate Judge [Dkt. No. 69] is **DENIED AS MOOT**. The Court already ruled on the parties' objections to the August 11, 2016 Report and Recommendation. Dkt. No. 65.

4. The Motion to Dismiss Indictment Due to Speedy Trial Violation and Not to Exclude Time from Continuance Under Speedy Trial Act [Dkt. No. 70] is **DENIED**.

Dated:  November 2, 2016                                  s/ Joan N. Ericksen
                                                          JOAN N. ERICKSEN
                                                          United States District Judge